**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Lathus, et al., | No. CV-22-08111-PCT-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| County of Navajo, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs Joseph Lathus and Cynthia Pustelak's First Amended Complaint (the "FAC"). (Doc. 7.) Also pending is Plaintiffs' (1) Motion for Leave to File Supplemental Exhibits, (Doc. 9); (2) Motion for Permission to Use Post Office Box, (Doc. 11); and (3) Motion to Request Service of Process by U.S. Marshals, (Doc. 12), (collectively, the "Pending Motions"). For the reasons set forth below, the Court will dismiss Plaintiff's FAC with leave to amend and will dismiss the Pending Motions as moot.

**I.    BACKGROUND**

On May 1, 2022, the Plaintiffs filed their initial Complaint in the United States District Court for the District of Columbia (the "D.C. District Court"). (Doc. 1.) The Plaintiffs additionally filed a Motion to proceed *in forma pauperis*. (Doc. 2.) Four days later, the Plaintiffs filed their FAC. (Doc. 7.) On May 27, 2022, the D.C. District Court ordered the case to be transferred to this Court, (Doc. 13), which received the current action on June 28, 2022, (Doc. 17).

The FAC asserts numerous claims against a multitude of private, governmental, and judicial defendants. The Defendants in this action are: (1) Navajo County; (2) the City of Show Low; (3) the Show Low Chamber of Commerce; (4) the Show Low Aquatic Center; (5) the Northstar Business Center; (7) Governor Douglas Ducey; and (8) the Doyle Law Firm. (Doc. 7 at 43–44.) However, it is unclear what claims Plaintiffs bring against which Defendants. Plaintiffs allege a "conspiracy against federal civil rights" under: (1) 18 U.S.C. § 241; (2) 42 U.S.C. §§ 1983, 1985, 1986; (3) Title II and III of the Americans with Disabilities Act ("ADA") (42 U.S.C. §§ 1231–12165 and 42 U.S.C. §§ 12181–12189 respectively); (5) 42 U.S.C. §§ 12101 *et seq.*; and (6) section 504 of the Rehabilitation Act of 1973, 19 U.S.C. §§ 701 *et seq*. (Doc. 7 at 3–4.) Plaintiffs seek a combination of punitive, monetary, and criminal remedies against the various Defendants. (Doc. 7 at 43–44.)

## II.   LEGAL STANDARD

In a pro se filing, the Court is required to review a complaint to determine whether the action:

 (i)   is frivolous or malicious;
 (ii)  fails to state a claim on which relief may be granted; or
 (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Although § 1915 primarily operates for prisoners, the Ninth Circuit extended this statute for all cases proceeding *in forma pauperis*, such as the pending noncriminal action here. *Lopez v. Smith*, 203 F.3d 1122, 1123 n. 7 (9th Cir. 2000); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Moreover, the Supreme Court held that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "[P]articularly in civil rights cases" the Court should "construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985)).

"A complaint is frivolous if it is based on a nonexistent legal interest or delusion

factual scenario." *Scott v. United States*, No. CV-22-00697-PHX-MTL, 2022 WL 1480025, at *1(D. Ariz. Apr. 28, 2022) (citing *Neitzke v. Williams*, 490 U.S. 319, 327–30 (1989)); *see also Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). A district court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 328.

Additionally, under § 1915, a district court may dismiss a complaint if a plaintiff fails to state a claim upon which relief should be granted. Therefore, a complaint must still contain a short and plain statement of the claims that shows the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And the plaintiff must present more than threadbare recitals of the elements of the cause of action. *Id.* A complaint must give fair notice to the defendants regarding the grounds upon which the claims rest. *Bell Alt. Corp. v. Twombly*, 550 U.S. 545, 555 (2007); *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "[W]hen the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable" the claim is plausible. *Iqbal*, 556 U.S. at 678. "Although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other 'more likely explanations' for a defendant's conduct." *Beede v. Wexford Health Servs.*, No. CV 21-02087-PHX-JAT (JZB), 2022 WL 2702529, at *1 (D. Ariz. Jul. 12, 2022) (quoting *Iqbal*, 556 U.S. at 681).

### III. DISCUSSION

Here, instead of adhering to a short and plain statement under Rule 8(a)(2), the Plaintiffs guide the Court down a complex path of enmeshed allegations and alleged conspiracies. The FAC—read in its entirety—totally obscures the actual source of controversy—a purported ADA violation at the Show Low Aquatic Center.[1] The FAC

---

[1] To bring a claim for discrimination or retaliation under the ADA, Plaintiffs must first file

alleges a conspiracy ring involving Governor Ducey; the Navajo County government; the Navajo County Superior Court; the City of Show Low government and the affiliated Show Low Aquatic Center; and the private institutions of the Doyle Law Firm, the Northstar Business Center, and the Show Low Chamber of Commerce. According to the Plaintiffs, the aforementioned conspired to deprive the Plaintiffs of their rights on the basis of their disability.[2]

The FAC fails to state a claim for which relief may be granted and also asserts frivolous claims against uninvolved parties—even seeking that certain parties be jailed for their involvement in the alleged conspiracy. Interestingly, it appears that Plaintiffs' legal basis for their argument was copied from amicus curiae brief filed by the United States in the case *Zamora-Quezada v. HealthTexas Med. Grp. of San Antonio*, 34 F. Supp. 2d 433 (W.D. Tex. 1998). But Plaintiffs do not cite this brief. It does appear, however, that Plaintiffs went through an editorial process to remove superfluous arguments made in the original brief.

Plaintiffs should be aware that "[a] complaint is not a puzzle . . . and [the Court] is loathe to tax defendants, against whom [the plaintiffs] have levied very serious charges, with the burden of solving puzzles in addition to the burden of formulating an answer to their complaint." *In re GlenFred, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (superseded by statute on other grounds). The Court cannot—and will not—untangle the web of allegations spun by the Plaintiffs. *See Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("[J]udges are not like pigs, hunting for truffles buried in briefs." (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991))). There is no comprehensible

---

a charge with the EEOC—or the Arizona Civil Rights Division—within 300 days after the alleged discriminatory or retaliatory events. *See* 42 U.S.C. § 12117(a) (incorporating by reference Title VII's 300-day limitation period, as outlined in 42 U.S.C. § 2000e-5(e)(1)). Nowhere in Plaintiffs' FAC do they allege or present evidence that they have complied with the prerequisite administrative requirements before filing this claim.

[2] The Court also notes that, other than alleging to be disabled, Plaintiffs have provided no evidence of disability in their FAC. Should Plaintiffs elect to amend their Complaint, they should include evidence of their respective disabilities.

cause of action, nor an explanation of what parties committed which allegedly harmful acts, nor a clear request for relief under such allegations. Therefore, the Court will dismiss Plaintiff's complaint with leave to amend.

However, because "it is not 'absolutely clear' that [Plaintiffs] could not cure [the FAC's] deficiencies by amendment," the Court will give Plaintiffs the opportunity to do so. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); *see also Lopez*, 203 F.3d at 1131 (holding that a pro se litigant must be given leave to amend his complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint (internal quotation marks and citations omitted)); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Plaintiff's complaint must be amended to address the deficiencies identified above.

Plaintiffs' second amended complaint should (1) clearly state what claims Plaintiffs are bringing; (2) clearly state which defendants their claims are brought against; (3) provide factual support for the allegations made; (4) provide evidence that Plaintiffs have met the administrative exhaustion requirement for bringing an ADA claim; and (5) include attachments and exhibits at the end of the complaints, instead of interspersed throughout. Plaintiffs' would benefit by following the form detailed in Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv").[3] Examples of different types of complaints demonstrating the proper form can be found in the appendix of forms that is contained with the Federal Rules of Civil Procedure (forms 11–21).

Within thirty (30) days from the date of entry of this Order, Plaintiffs may submit an amended complaint. Plaintiffs must clearly designate on the face of the document that it is the "Second Amended Complaint." If Plaintiffs decide to file an amended complaint, they are reminded that it supersedes the original complaint, *see Lacey v. Maricopa Cty.*,

---

[3] The Local Rules may be accessed through the District of Arizona website at www.azd.uscourts.gov/. Under the "For those Proceeding Without an Attorney" tab, the website also provides the "Handbook for Self-Represented Litigants," the Electronic Pro Se (E-Pro Se) Program, and the various forms for self-represented litigants. Plaintiffs are encouraged to explore all the resources provided by the Court for pro se litigants.

693 F.3d 896, 925–28 (9th Cir. 2012), and it must be complete in itself and "must not incorporate by reference any part of the preceding pleading, including exhibits," LRCiv 15.1.

### IV.     Warning

Plaintiffs are advised that if they elect to file a second amended complaint but fail to comply with the Court's instructions explained in this Order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)).

### V.     CONCLUSION

Accordingly,

**IT IS ORDERED** dismissing Plaintiff's FAC, (Doc. 7), with leave to file a Second Amended Complaint within thirty (30) days of the date this Order.

**IT IS FURTHER ORDERED** denying Plaintiff's Pending Motions, (Docs. 9; 11; 12), as moot.

**IT IS FURTHER ORDERED** that if Plaintiffs do not file a Second Amended Complaint within thirty (30) days of the date this Order is entered, the Clerk of Court shall dismiss this action, enter judgment, and terminate the case.

**IT IS FURTHER ORDERED** that if Plaintiffs elect to file a Second Amended Complaint, it may not be served until and unless the Court issues an Order screening the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 27th day of July, 2022.

_____
Honorable Susan M. Brnovich
United States District Judge